FILED
U.S. DISTRICT COURT
April 14 2011
DAVID J. MALAND, CLERK
By
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GEORGE A. DISHMAN *et al*, | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 1:10CV205 |
| v. | § | |
| | § | JUDGE RON CLARK |
| BBVA COMPASS BANK, | § | |
| *Defendant*. | § | |

**JURY VERDICT FORM**

**Question No. 1**

Do you find from a preponderance of the evidence that the failure in June 2009 of Defendant BBVA Compass Bank to obtain a lease containing a higher royalty rate, or bonus amount, or both, constituted misfeasance? Answer "yes" or "no."

Answer: NO

**If you answered "yes" to Question No. 1, please answer Questions No. 2, 3, and 4. If you answered "no" to Question No. 1, please skip Question Nos. 2, 3 and 4, and answer Question No. 5.**

**Question No. 2**

Do you find from a preponderance of the evidence that the Bank's decision to accept the June 2009 lease was made in bad faith? Answer "yes" or "no."

Answer: ________________

**Please answer Question No. 3.**

**Question No. 3**

Based on the bonus and royalty amount that you find from a preponderance of the evidence that Compass Bank could, in reasonable probability, have leased the Trusts' mineral interests at or about the time in question, state the past and future losses to the Trusts. Please answer both parts of this question, in dollars and cents.

A. Past damages in the amount of the royalty and/or bonus per acre that each Trust would have received in the past if its mineral interest in the tract had been leased on better terms, minus any royalty income and bonus payments that each Trust has received as of July 31, 2010 for its mineral interest in the tract under the June 2009 Samson lease.

George A. Dishman, Jr. Trust, past bonus lost $__________

George A. Dishman, Jr. Trust, past royalty lost $__________

James C. Dishman Trust, past bonus lost $__________

James C. Dishman Trust past royalty lost $__________

B. Future damages in the amount of the royalty that, in reasonable probability, each Trust would receive in the future if its mineral interest had been leased on better terms minus any royalty income that, in reasonable probability, the Trust will receive in the future for its mineral interest in the tract under the June 2009 Samson lease.

George A. Dishman, Jr. Trust, future loss of royalty $__________

James C. Dishman Trust, future loss of royalty $__________

**Please answer Question No. 4.**

**Question No. 4**

Based on the royalty amount that you find from a preponderance of the evidence that Compass Bank could, in reasonable probability, have leased the Trusts' mineral interests at or about the time in question, state the past and future losses to the NPRI Plaintiffs. Please answer both parts of this question, in dollars and cents.

A. Past damages in the amount of the royalty payments that each NPRI Plaintiff would have received in the past if one or both of the Trusts' mineral interest in the tract had been leased on better terms minus all royalty income that each NPRI Plaintiff has received as of July 31, 2010 under the June 2009 Samson lease.

Rhonda Radford Richter $________________

Kimberly Radford Chica $________________

Kristen Radford Patterson $________________

B. Future damages in the amount of the royalty payments that, in reasonable probability, each NPRI Plaintiff would receive in the future if one or both of the Trusts' mineral interest in the tract had been leased on better terms minus all royalty income that, in reasonable probability, each NPRI Plaintiff will receive in the future under the June 2009 Samson lease.

Rhonda Radford Richter $________________

Kimberly Radford Chica $________________

Kristen Radford Patterson $________________

**Please answer Question No. 5.**

**Question No. 5**

Do you find from a preponderance of the evidence that the failure of Compass to let the Trusts remain unleased co-tenants constituted misfeasance? Answer "yes" or "no."

Answer: NO

**If you answered "yes" to Question No. 5, please answer Questions No. 6, 7 and 8. If you answered "no" to Question No. 5, please do not answer Questions No. 6, 7 and 8, and instead answer Question No. 9.**

**Question No. 6**

Do you find from a preponderance of the evidence that the Bank's decision to lease instead of letting the Trusts remain as unleased co-tenants was made in bad faith? Answer "yes" or "no."

Answer: ______________

**Please answer Question No. 7.**

**Question No. 7**

What sum of money, if any, would fairly compensate each Trust for loss caused by Compass's misfeasance in failing to let the Trusts remain unleased co-tenants? Please answer both parts of this question, in dollars and cents.

A. Past damages in the amount that each Trust would have received in the past had its mineral interest remained unleased, minus any royalty income and bonus per acre payment that each Trust has already received as of today, for its mineral interest in the tract under the July 31, 2010 Samson lease.

George A. Dishman, Jr. Trust $______________

James C. Dishman Trust $______________

B. Future damages in the amount that each Trust will in reasonable probability receive in the future had its mineral interest remained unleased, minus any royalty income that, in reasonable probability, the Trust will receive in the future for its mineral interest in the tract under the June 2009 Samson lease.

George A. Dishman, Jr. Trust $________________

James C. Dishman Trust $________________

**Please answer Question No. 8.**

**Question No. 8**

Do you find that Plaintiffs have proven from a preponderance of the evidence that the NPRI Plaintiffs, after considering all information available to them at the time, would, at or about the time in questions, in all reasonable probability have entered into an agreement with Compass and both Trusts to remain as unleased co-tenants? Answer "yes" or "no."

Answer: ________________

**Please answer Question No. 9.**

**Question No. 9**

Do you find that Compass has proven by a preponderance of the evidence that it properly delegated the negotiation of the June 2009 lease with Samson Lonestar LLC to its agent, Farmer's National Company? Answer "yes" or "no."

Answer: YES

**Please answer Question No. 10.**

**Question No. 10**

Do you find that Compass has proven by a preponderance of the evidence that the actions of Trust Plaintiffs George A. Dishman and/or James C. Dishman in the time preceding the June 2009 lease entered into with Samson on behalf of the Trusts estop either or both of them from recovering damages for any breach of fiduciary duty? Answer "yes" or "no" as to each Trust Plaintiff.

George A. Dishman ___YES___

James C. Dishman ___YES___

**Please answer Question No. 11.**

**Question No. 11**

Do you find that Compass has proven by a preponderance of the evidence that Trust Plaintiffs George A. Dishman and/or James C. Dishman expressly consented to or participated in Compass's decision to enter into the June 2009 lease with Samson? Answer "yes" or "no" as to each Trust Plaintiff.

George A. Dishman ___YES___

James C. Dishman ___YES___

**Please answer Question No. 12.**

**Question No. 12**

Do you find from a preponderance of the evidence that Compass acted in reasonable reliance on the language of the Trusts? Answer "yes" or "no."

Answer: ___YES___

**Please answer Question No. 13.**

**Question No. 13**

Do you find from a preponderance of the evidence that Compass as trustee breached its duty of utmost good faith to the NPRI Plaintiffs? Answer "yes" or "no."

Answer: NO

**Please have the Jury Foreperson date and initial the verdict form below.**

APRIL 14, 2011
DATE

CRH
INITIALS OF JURY FOREPERSON